UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>         Plaintiff,                                      )<br>                                                            )<br>vs.                                                        )         Case No. DR-18-CV-32-<br>                                                            )<br>MARCELO ALVAREZ, JR.,                   )<br>         Defendant.                                  )       | |

## COMPLAINT

The United States of America, plaintiff, by and through its undersigned attorney, alleges as follows:

## PARTIES

1. Plaintiff is the United States of America.

2. Defendant Marcelo Alvarez, Jr. is an individual residing within the jurisdiction of this Court.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1345.

## FACTS

4. On February 23, 2015, this Court in Case No. DR:13-CR-1490(1) sentenced the Defendant's father, Marcelo Alvarez, Sr., to 112 months of imprisonment and ordered him to pay $1,022,303,94 in restitution together with a $100.00 special assessment.

5. On February 12, 2016, a judgment (the "Criminal Judgment") was entered against Marcelo Alvarez, Sr. consistent with the sentence.

6. Upon sentencing, a restitution lien was created that encumbered all of Marcelo Alvarez, Sr.'s property and interests in property pursuant to 18 U.S.C. § 3613(c).

7. Between the date that Marcelo Alvarez, Sr. was sentenced and the date that the Criminal Judgment was entered, Marcelo Alvarez, Sr. transferred five parcels of real property (the "Real Property") to the Defendant:

> Being Lot 4, Block 1, DELUJO ESTATES Subdivision, Unit 1, in Maverick County, Texas, according to the plat thereof recorded in Envelopment 334, Side A, Map Records of Maverick County, Texas
>
> Being Lot 16, Block 1, DELUJO ESTATES Subdivision, Unit 1, in Maverick County, Texas, according to the plat thereof recorded in Envelopment 334, Side A, Map Records of Maverick County, Texas
>
> Being Lot 21, Block 1, DELUJO ESTATES Subdivision, Unit 1, in Maverick County, Texas, according to the plat thereof recorded in Envelopment 334, Side A, Map Records of Maverick County, Texas
>
> Being Lot 22, Block 1, DELUJO ESTATES Subdivision, Unit 1, in Maverick County, Texas, according to the plat thereof recorded in Envelopment 334, Side A, Map Records of Maverick County, Texas
>
> Being Lot 23, Block 1, DELUJO ESTATES Subdivision, Unit 1, in Maverick County, Texas, according to the plat thereof recorded in Envelopment 334, Side A, Map Records of Maverick County, Texas

8. Lot 22 was subsequently sold to Rubio Homes, LLC. Lot 23 was subsequently sold to DeLujo Estates.

9. After entry of the Criminal Judgment, the United States conducted an investigation into the financial affairs of Marcelo Alvarez, Sr. for purposes of collecting the restitution obligation during which the United States discovered the transfers of the Real Property to the Defendant.

10. The United States subsequently made demand upon the Defendant to return the Real Property remaining in the Defendant's name to Marcelo Alvarez, Sr., and to pay the United

States the value of the parcels sold to Rubio Homes, LLC and DeLujo Estates.   The Defendant has failed to do so.

11. The Defendant's continued possession of the remaining parcels of Real Property and funds obtained from the sale of the lots to Rubio Homes, LLC and DeLujo Estates impedes the Government's efforts to collect restitution for the victims of Marcelo Alvarez, Sr.   This action seeks a judgment to restore those properties and funds to Marcelo Alvarez, Sr. so that they may be used to pay his restitution debt.

## CAUSES OF ACTION

### I. Violation of 28 U.S.C. § 3304(a)

12. This paragraph re-alleges paragraphs 1 through 10 as if set forth fully herein.

13. The transfer of the Real Property, as described in paragraph 6 impaired, and continues to impair, the rights of the plaintiff in its duty to collect the restitution judgment, an antecedent debt, on behalf of the victims

14. At the time when Marcelo Alvarez, Sr. transferred the Real Property to the Defendant, the debt already existed, insofar as Marcelo Alvarez, Sr. had already been sentenced.

15. Marcelo Alvarez, Sr. did not receive reasonably equivalent value for the transfer. At the time of the transfer, Marcelo Alvarez, Sr. did not possess sufficient assets to pay his restitution obligation and was thus insolvent.

16. The transfer of the Real Property by Marcelo Alvarez, Sr. to an insider was a fraudulent transfer.   Given the sentencing and the substantial restitution obligation, both Marcelo Alvarez, Sr. and the Defendant had reasonable cause to believe that Marcelo Alvarez, Sr. was insolvent at the time of the fraudulent transfer.

## II.  Violation of 28 U.S.C. § 3304(b)(1)(A)

17. This paragraph re-alleges paragraphs 1 through 10 as if set forth fully herein.

18. The transfer of the Real Property was a fraudulent transfer. Marcelo Alvarez, Sr. made this transfer with the actual intent to hinder, delay, or defraud his creditors, as evidenced by the following facts.

19. The transfer was made to an insider, Marcelo Alvarez, Sr.'s son. As a result of the transfer, Marcelo Alvarez, Sr. became increasingly insolvent.

20. Marcelo Alvarez, Sr. was aware at the time of the transfers that he had been convicted, sentenced, and was the subject of a substantial restitution obligation.

21. Marcelo Alvarez, Sr. did not disclose the transfers in question to the United States.

22. There was no apparent consideration in exchange for the transfers.

## III.  Violation of 28 U.S.C. §3304(b)(1)(B)

23. This paragraph re-alleges paragraphs 1 through 10 as if set forth fully herein.

24. The transfer of the Real Property was made without reasonably equivalent value to Marcelo Alvarez, Sr.

25. At the time of the transfer, Marcelo Alvarez, Sr. did not possess sufficient assets to pay his restitution obligation and was thus insolvent.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff, the United States of America, demands that:

(a) The transfer of the Real Property be adjudged fraudulent and void, and ownership of the Real Property (with the exception of those parcels subsequently transferred to third parties) restored to Marcelo Alvarez, Sr.

(b) That the United States receive a money judgment against the Defendant for the

      amount of the proceeds obtained by the Defendant from the sale of the parcels to Rubio Homes, LLC and DeLujo Estates pursuant to 28 U.S.C. § 3306;

(c)     Post-judgment interest;

(d)     Court costs; and

(e)     Such other relief as may be appropriate and just.

      Respectfully submitted,

      JOHN F. BASH
      UNITED STATES ATTORNEY

By:    */s/ Steven E. Seward*
      STEVEN E. SEWARD
      Assistant United States Attorney
      Florida Bar No. 29546
      601 N.W. Loop 410, Suite 600
      San Antonio, Texas 78216
      T: (210) 384-7259
      F:  (210) 384-7247
      E-mail: steven.seward@usdoj.gov

      **ATTORNEY FOR UNITED STATES**

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
Marcelo Alvarez, Jr.     DR-18-CV-32

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Maverick
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven E. Seward, AUSA
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216 - 210-384-7259

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U S Government Plaintiff
- [ ] 2 U S Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [X] 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Restitution Lien 18 U.S.C. § 3613(c)
Brief description of cause:
Foreclosure/Fraudulent transfer

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.    DEMAND $ _____    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE Alia Moses    DOCKET NUMBER DR-13-CR-1490

DATE: 05/08/2018
SIGNATURE OF ATTORNEY OF RECORD: /s/ STEVEN E. SEWARD, Assistant United States Attorney

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG JUDGE ____

[ Print ]   [ Save As... ]   [ Reset ]

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.